IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:14-cv-04990 |
| v. | ) | |
| | ) | Honorable Sara L. Ellis |
| RELIANCE STANDARD LIFE INSURANCE | ) | |
| COMPANY, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
QUASH SUBPOENA, FOR PROTECTIVE ORDER, AND TO LIMIT DISCOVERY TO
THE ADMINISTRATIVE RECORD**

### *Introduction*

On October 6, 2014, Plaintiff Cheryl Watson ("Plaintiff" or "Watson") notified Defendant that she was seeking to take the deposition of Dr. Charles W. Brock, a medical consultant hired by Reliance to review Plaintiff's medical records. In response, after the parties conducted the required meet and confer and were unable to reach an accord, on October 30, 2014, Defendant Reliance Standard Life Insurance Company ("Defendant" or "Reliance Standard") filed a Motion for a Protective Order and to Quash Subpoena. Defendant asserts that because Plaintiff's ERISA claim for benefits is subject to the arbitrary and capricious standard of review, the discovery sought by Plaintiff is inappropriate because it does not fall within the limited discovery allowable outside of the so-called "administrative record," i.e., the insurance company's claim file.

The arguments presented by Defendant lack merit. Regardless of the ERISA standard of review applicable to the adjudication of this matter, depositions of the consultants involved in

deciding claims for disability benefits has been almost universally approved by the courts in this District. Plaintiff has the right to take discovery to better ascertain the basis for and reliability of Dr. Brock's findings, as well as his potential bias. Moreover, contrary to Defendant's contention, the applicable standard of adjudication in this case is *de novo*, which permits the introduction of evidence and discovery as in any other breach of contract action. *See Krolnik v. Prudential Ins. Co.*, 570 F.3d 841, 843 (7th Cir. 2009). Accordingly, Plaintiff opposes Defendant's Motion to Quash Subpoena, for Protective Order, and to Limit Discovery to the Administrative Record, which must be denied.

## ARGUMENT

### I.    The Standard of Adjudication in this Case Is *De Novo*

The operative plan documents that would control the court's choice of a standard of adjudication are the attachments to Plaintiff's Complaint, which are ineffective to confer discretion upon Reliance Standard. In *Hackett v. Xerox Corp. Long Term Disability Income Plan,* 315 F.3d 771, 774 (7th Cir. 2003), the Seventh Circuit observed that unless an ERISA plan provides for the vesting of benefits, "the [plan is] malleable and the employer is at liberty to change the plan and thus change the benefits to which a participants entitled." Since the plan is malleable, the *Hackett* court reasoned, "then it must follow that the controlling plan will be the plan that is in effect at the time a claim for benefits accrues," which the Seventh Circuit has held is "at the time benefits are denied." *Id.* (citations omitted). In this case, Plaintiff's claim for benefits accrued on October 23, 2013, the date she received a letter from Defendant informing her that no benefits would be paid. Plaintiff's claim is thus controlled by the group policy of insurance (the "Policy") in effect on November 1, 2012, which is attached to Plaintiff's Complaint as Exhibit A. *See Hackett*, 315 F.3d at 774; Ex. A to Compl., Dkt. 1-1.

Any discretionary language contained in the Policy is therefore disabled by 50 Ill. Admin. Code §2001.3 which became effective on July 1, 2005 and is applicable to policies issued or renewed subsequent to that date. The Policy, which was initially issued on November 1, 2004 and has "anniversary" (i.e., renewal date) of November 1, 2005 and each November 1st therafter, recites, "This Policy is delivered in Illinois and is governed by its laws." (Doc. 1-1 at Page 2). The policy further contains a section titled, "Conformity with State Laws," which states: "Any section of this Policy, which on its Effective Date, conflicts with the laws of the state in which the Policy is issued, is amended by this provision. This Policy is amended to meet the minimum requirements of those laws." (Doc. 1-1 at Page 14). Nonetheless, the policy contains the following provision which is repugnant to 50 Ill.Admin.Code § 2001.3 – "Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties."

The Illinois Department of Insurance promulgated § 2001.3 to bar the inclusion of discretionary clauses in any health or disability insurance policy sold or delivered in Illinois. The regulation states:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Adm. Code 2001.3; added by 29 Ill.Reg.10172 (July 15, 2005).

In order to clarify the intent and meaning behind the regulation, the Director of Insurance issued Company Bulletin 2010-05 (June 28, 2010)(copy attached as Exhibit "A"). The Company Bulletin addressed the situation presented here – "insurance policies originally issued before the July 1, 2005 effective date of the regulation." Although the justification for not reissuing the policy is an assertion that the regulation lacks retroactive application, the Director made it clear that "[s]uch conduct does not comply with the law in that it does not properly take into account the renewal of the policy." The Director added that policies such as the one at issue here "typically are renewed annually." The Director further pointed out that "statutory provisions in effect at the time of issuance or renewal are incorporated into the policy." (citing *Eipert v. State Farm Mutual Auto Ins.Co.,* 189 Ill.App.3d 630, 545 N.E.2d 497) (1st Dist. 1989); *Thieme v. Union Labor Life Ins.Co.,* 12 Ill.App.2d 110, 138 N.E.2d 857 (1st Dist. 1956); *Boyd v. Madison Mutual Insur.Co.,* 146 Ill.App.3d 420, 496 N.E.2d 555 (5th Dist. 1986)). Hence, the Director concludes: "The regulation prohibiting discretionary clauses is accordingly applicable to all currently issued and outstanding accident, health and disability insurance policies in that all such policies will have either been issued or renewed since the effective date of the regulation."

Courts within this district have consistently applied the regulation to policies renewed or which equivalently, have "anniversaries" subsequent to the promulgation of § 2001.5. In *Haines v. Reliance Standard Life Ins.Co.,* No. 09 C 7648, 2010 U.S.Dist.LEXIS 104625 (N.D.Ill. September 9, 2010), which involved the same defendant (and even the same defense attorney) as in this case, Judge Darrah cited both § 2001.3 and the Company Bulletin to conclude that renewal and anniversary are equivalent terms because "Illinois Insurance Regulations define "Renewal Date" as "each annual anniversary date unless otherwise specifically defined by the contract." (citing 50 Ill.Admin.Code § 2025.30). Hence, the court ruled "the grant of

4

discretionary authority to Defendant is invalid under Illinois law." Judge St. Eve reached the same conclusion in *Ehas v. Life Ins.Co. of N.Amer.,* 12 C 3537, 2012 U.S.Dist.LEXIS 169151 *17 (N.D.Ill. November 29, 2012). And both rulings then went on to uphold the regulation against an ERISA preemption challenge, citing two out of circuit appellate decisions, *American Council of Life Insurers v. Ross,* 558 F.3d 600 (6th Cir. 2009) and *Standard Ins.Co. v. Ross,* 584 F.3d 837 (9th Cir. 2009).[2] The court then granted the Plaintiff's request to depose the insurer's medical consultant and rejected the same objections voiced by Defendant here.

Accordingly, the court must find that contrary to Defendant's contention, the *de novo* standard of adjudication applies in this case.

### III.   Discovery is Allowed Under the *De Novo* Standard of Review

Since the *de novo* standard of adjudication applies, as Plaintiff argued in her opening memo, she is entitled to the full range of discovery permitted under the Federal Rules of Civil Procedure subject only to the limitations on the scope of discovery enumerated by Fed.R.Civ.P. 26(b) ("any unprivileged matter that is relevant to any party's claim or defense"). *See Krolnik v. Prudential Ins. Co.,* 570 F.3d 841 (7th Cir. 2009). Indeed, pursuant to Federal Rule of Civil Procedure 26(b), Plaintiff's discovery requests appropriately seek discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Recognizing that the discovery sought by the plaintiff falls within those parameters, in addition to *Haines,* the same

---

[2] The same conclusion has been drawn by more than ten rulings issued by the judges of this district. See, e.g., *Schlattman v. United of Omaha Life Ins. Co.,* No. 12 C 7847, 2013 U.S. Dist. LEXIS 85906, *14-16 (N.D. Ill. June 19, 2013)(cataloguing cases); *Novak v. Life Ins. Co. of N. Am.,* 956 F. Supp. 2d 900, 906 (N.D. Ill. 2013); *Zaccone v. Std. Life Ins. Co.,* No. 10 CV 00033, 2013 U.S. Dist. LEXIS 62062, *29 (N.D. Ill. May 1, 2013); *Borich v. Life Ins. Co. of N. Am.,* No. 12 C 734, 2013 U.S. Dist. LEXIS 59674, *9-10 (N.D. Ill. Apr. 25, 2013) (same); *Zuckerman v. United of Omaha Life Ins. Co.,* No. 09 C 04819, 2012 U.S. Dist. LEXIS 128204, *19-28 (N.D. Ill.  Sept. 6, 2012); *Barrett v. Life Ins. Co. of North America,* No. 11 C 6000, 2012 U.S. Dist. LEXIS 82920, *2-4 (N.D. Ill. June 14, 2012); *Curtis,* 2012 U.S. Dist. LEXIS 5423, *27-30; *Ball v. Standard Ins. Co.,* No. 09 C 3668, 2011 U.S. Dist. LEXIS 19146, *4-18 (N.D. Ill. Feb. 23, 2011)

discovery was permitted in *Gavin v. Life Ins.Co. of North America,* 2013 U.S.Dist.LEXIS 28038

(N.D.Ill. February 25, 2013)(Holderman, J.) also *Gavin v. Life Ins. Co. of N. America,* 2013

U.S.Dist.LEXIS 711908 (N.D.Ill. May 21, 2013); *Borich v. Life Ins.Co. of North America,* 2013

U.S.Dist.LEXIS 56974 (N.D.Ill. April 26, 2013)(Tharp, J.)(disallowing conflict discovery but

permitting bias discovery as to consultant physicians); and *Shepherd v. Life Ins.Co. of North

Amer.,* 2012 U.S.Dist.LEXIS 13453 (N.D.Ill. February 3, 2012)(Leinenweber, J.). The court

should rule likewise here.

**IV.      Regardless of the Standard of Adjudication, Plaintiff Is Entitled to Discovery**

Although the foregoing discussion should be decisive, Defendant continues to maintain

that the discovery Plaintiff seeks is foreclosed under the arbitrary and capricious standard of

review. Even if that standard were to apply, though, the discovery would still be appropriate.

Although *Semien v. Life Ins.Co. of North Amer.,* 436 F.3d 805 (7th Cir. 2006) has not been

overturned, its continued viability on the question of discovery available under the arbitrary and

capricious standard is highly questionable since *Semien* is inconsistent with *Metropolitan Life

Insurance Company v. Glenn*, 554 U.S. 105, 112 (2008), which identified the conflict of interest

where the same plan administrator both evaluates claims for benefits and pays benefits claims.

Since the conflict is given more significance where it is proven to have infected the claim

decision, it is only fair to the party challenging the claim denial to permit discovery relating to

the conflict, bias, and the other types of "procedural unreasonableness" discussed in *Glenn.*

Shortly after *Glenn* was decided, Judge David Hamilton, then presiding judge of the

Southern District of Indiana (and now sitting on the U.S. Court of Appeals for the Seventh

Circuit), ruled that *Glenn* superseded *Semien* and permitted discovery regarding a defendant

insurer's conflict of interest, subject only to the limitations of the Federal Rules of Civil

Procedure - *Gessling v. Group Long Term Disability Plan For Employees of Sprint/United Mgmt. Co.*, No. 07-cv-0483, 2008 U.S. Dist. LEXIS 96623 (S.D. Ind. Nov. 26, 2008). Several other courts in the Southern District of Indiana followed suit. *See Barker v. Life Ins. Co. of N. Am.,* 265 F.R.D. 389, 394 (S.D. Ind. 2009) (citing cases).

Although courts in the Northern District of Illinois initially ruled that *Semien* remained intact after *Glenn*, *see Garvey v. Piper Rudnick LLP Long Term Disability Ins. Plan*, 264 F.R.D. 394, 398 (N.D. Ill. 2009) (Nolan, J.) (collecting cases), two recent rulings acknowledge that *Glenn* at least modified *Semien*. *See Hoffman v. Sara Lee Corp.,* No. 11-cv-3899, 2012 U.S. Dist. LEXIS 15277 (N.D. Ill. Feb. 8, 2012) (Leinenweber, J.); *Baxter v. Sun Life Assurance Co. of Can.*, 713 F. Supp. 2d 766, 733 (N.D. Ill. May, 20 2010) (Dow, J.). And the Seventh Circuit has now concluded that *Semien's* bar to discovery is softened, although the contours of permissible discovery have yet to be determined. *See, Dennison v. MONY Life Retirement Income Security Plan for Employees,* 710 F.3d 741 (7th Cir. 2013). Defendant relies heavily on *Warner v. Unum Life Ins. Co. of Am.*, 2013 U.S. Dist. LEXIS 105067 (N.D. Ill. 2013), contending that its holding "does not change the requirement of a threshold showing prior to allowing discovery." *See* Defs.' Br. at 7. However, that ruling is far more supportive of Plaintiff than Defendant. *Warner* stated, in relevant part, "In light of *Glenn*, however, and given the softening of the *Siemen* standard heralded by *Dennison*, a plaintiff's burden in making this showing is not onerous." *Warner* at 7. *Warner* added that discovery "must be tailored to what is necessary and reasonable to probe the conflict of interest allegations and the safeguards in place to protect the appeals process from bias." *Warner* 2013 U.S. Dist. LEXIS 105067, at *17 (granting discovery of bonus and compensation information for the doctors employed by Unum).

Thus, consistent with *Warner*, a deposition of Dr. Brock, a medical professional

commissioned and compensated by Reliance Standard upon whose medical evaluation Reliance Standard relied in its denial of benefits is the kind of evidence *Warner* deemed relevant. Plaintiff needs to be able to discovery any financial incentives or biases that influenced his opinions. Therefore, *Warner* does not offer support for Defendant's position.

Under the approach adopted by the courts in *Hoffman* and *Baxter*, discovery of the sort Plaintiff seeks is appropriate.  In both *Hoffman* and *Baxter*, the courts permitted discovery regarding the terms of the employment for the staff that decided the benefits claims, observing that the Seventh Circuit in *Marrs v. Motorola, Inc*., 577 F.3d 783, 789 (7th Cir. 2009) found such information relevant, and that relevant information not contained in the claim file should be discoverable. *Hoffman*, 2012 U.S. Dist. LEXIS 15277, at *11 (permitting depositions of human resources personnel who denied plaintiff's severance application); *Baxter*, 713 F. Supp. 2d at 733 (permitting the deposition of a claims person). Moreover, Judge Leinenweber in *Hoffman* permitted document discovery relating to the defendant's structural conflict of interest, observing that the Seventh Circuit found this information relevant in *Majeski v. Metro Life Ins. Co.*, 590 F.3d 478, 482 (2009). In *Barrett v. Life Ins. Co. of N. Am.*, Judge Shadur agreed with the forgoing authorities, ruling that to require a plaintiff to produce evidence of conflict without allowing him or her to take some discovery "has the flaw of circularity, somewhat akin to asking the person who hasn't had access to the inside of the black box to state which of its contents he or she want to see."  No. 11 C 6000, 2012 U.S. Dist. LEXIS 115696, *10-11 (N.D. Ill. Aug. 16, 2012).  Judge Shadur ruled that the structural conflict of interest identified in *Glenn* "[b]y definition . . . constitutes the prima facie showing required by Semien, entitling the plaintiff to further discovery." *Id.* at *9.

Similarly, in this matter, Plaintiff seeks to depose Dr. Brock, a medical professional commissioned and compensated by Reliance Standard upon whose medical evaluation Reliance Standard relied in denying Plaintiff's claim for benefits. Discovery into this matter is necessary because this information is relevant and appears nowhere in Plaintiff's claim file.[3] *See Hoffman*, *supra*. Nor are these relatively modest requests unduly burdensome to Defendants. Accordingly, the *Hoffman* Court ruled that discovery is available under either the *de novo* or *arbitrary and capricious* standards of adjudication.

Reliance Standard does not meaningfully engage with the propositions set forth in *Baxter* or its progeny. In addition, Defendant argues that the discovery sought by Plaintiff "would undermine ERISA's goal of resolving claims efficiently and inexpensively." (Def.'s Br. at 10) (quoting *Green v. Nationwide Mut. Ins. Co.,* No. 3:12cv216-WHB-LRA, 2012 WL 3017863, at 5 (S.D. Miss. July 23, 2012). However, that quotation was erroneously imported into ERISA jurisprudence without regard to its origin. The source of the quotation is from a Senate Report which addressed a section of ERISA that was ultimately dropped from the final bill. The omitted section had to do with a proposed administrative mechanism that was never enacted. *See* S. Rep. 93-383, reprinted in 1974 U.S. Code Cong. & Admin. News 5000 (proposing the creation of administrative grievance proceedings before the Department of Labor in situations involving pension denials). If anything, the "primary goal" of ERISA is to protect *employees*, while a "subsidiary goal" is containing pension costs. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 515 (1981) (citing H. R. Rep. No. 93-807, p. 69 (1974)); *accord Mertens v. Hewitt Assocs.*,

---

[3] For example, the claim file does not disclose Dr. Brock's compensation or how many times he is retained by Reliance (or if he was retained through a vendor that has a particularly close financial relationship with Reliance). *See, e.g., Nolan v. Heald College*, 551 F.3d 1148, 1152 n.3 (9th Cir. 2009) (describing the business relationship between NMR and MetLife); *Wright v. Raytheon Co. Short Term Disability Plan*, 2008 U.S.Dist.LEXIS 81951 (D.Ariz. September 17, 2008)(finding evidence of financial bias against NMR (Network Medical Review/Elite Physicians, an organization that supplies consultants to insurers to review claims); *also see, Walker v. Metro.Life Ins.Co.,* 2008 U.S.Dist.LEXIS 93463 (N.D.Cal. November 10, 2008)(same). Nor is there any indication of whether Dr. Brock consistently finds against plaintiffs or has a predilection of doing so, another fitting subject for discovery..

508 U.S. 248, 262-263 (1993) ("There is, in other words, a 'tension between the primary [ERISA] goal of benefiting employees and the subsidiary goal of containing pension costs.'"). The Supreme Court recently affirmed that principle in *Glenn*, observing that in compliance with the fiduciary obligations imposed on plan fiduciaries by 29 U.S.C. § 1104(a), ERISA requires "higher-than-marketplace standards," 554 U.S. at 115.

Reliance Standard's challenge to Plaintiff's efforts to seek a single deposition merely underscores the unreasonableness of Reliance Standard's position. Reliance Standard notes that it produced a *curriculum vitae* for Dr. Brock and also produced a copy of Dr. Brock's medical opinion (Def.'s Br. at 10);. However, those documents are self-serving and shed little light on Reliance Standard's conflict of interest when divorced from the remaining discovery sought by Plaintiff. Nor does a resume show Dr. Brock's qualifications to review a matter such as Ms. Watson's claim when viewed in relation to cases such as *Bedrick v. Travelers Ins.Co.,* 93 F.3d 149 (4th Cir. 1996), where depositions of a health insurer's expert consultants revealed gaping weaknesses in their so-called expertise. Without deposing Dr. Brock, Plaintiff will be deprived of the means to investigate whether Reliance indeed employed "higher-than-marketplace quality standards" in selecting such a consultant.

Therefore, consistent with the forgoing authorities and with the authorities cited in Plaintiff's Motion to Compel, the Court must order Reliance Standard to comply with Plaintiff's remaining discovery requests.

## V.  The Discovery Plaintiff Seeks is Relevant and Not Unduly Burdensome

Defendant incorrectly alleges that the discovery issued by Plaintiff is not "relevant to the issue before the court" because it is related to conflict of interest and Dr. Brock's relationship to Reliance Standard. (Def's Br. at 10) Defendant relies on *Rowell v. Aviza Tech. Health & Welfare*

10

*Plan*, No.: C 10-5656 PSG, 2012 U.S. Dist. LEXIS 16957 (N.D. Ca. Feb. 10, 2012), as support for its position. However, Defendant's reliance on that case is misplaced because the courts in California apply different standards in granting discovery than the courts in this District and in the Seventh Circuit. If the court determines the standard of review is *de novo,* the discovery is permissible in accordance with the cases cited above (*Gavin, Shepherd*, etc.) in order to examine the basis of the opinions rendered, as well as potential witness bias. Under the arbitrary and capricious standard, Plaintiff has the right to take "conflict" discovery, just as the court initially ordered in *Rowell,* but which was rescinded after the insurer stipulated to *de novo* review. As *Rowell* pointed out, "…potential conflict of interest or bias on the part of the physician reviewers hired by Hartford is relevant because it goes to the weight the court will assign those opinions in its *de novo* review." *Citing Reynolds v. UNUM Life Ins. Co. of Am.*, No. 2:10cv2383 (PHX/LO/TRJ), 2011 U.S. Dist. LEXIS 90314, 2011 WL 3565351 at 2 (D. Ariz. Aug. 12, 2011).

Defendant will presumably seek to rely upon Dr. Brock's opinion in support of its decision to deny benefits; therefore, Plaintiff must be given the opportunity to discover all evidence relevant to his opinion or which may have biased his opinion. Since *Krolnik* demands a trial with examination and cross-examination of witnesses, Plaintiff seeks discovery for the same reason discovery is sought and is available in *all* civil actions – to be able to effectively cross-examine witnesses at trial so the court is fully informed. The Supreme Court noted in *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832, 123 S. Ct. 1965, 1971 (2003) (internal citations omitted), "[n]or do we question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an 'incentive to make a finding of 'not disabled' in order to save their employers money and to preserve their own consulting arrangements.'" And in *Hawkins v. First Union Corp. Long-Term Disability Plan,* 326 F.3d 914, 917 (7th Cir.

11

2003), the Seventh Circuit said much the same thing in expressing skepticism about consulting physicians hired by disability benefit plan administrators:

> But such skepticism may have a stronger basis when the treating physician squares off against a neutral consultant appointed by the Social Security Administration than when the consultant is hired by the administrator of a private plan and so may have a financial incentive to be hard-nosed in his claims evaluation in order to protect the financial integrity of the plan and of the employer that funds it.

Thus, evidence regarding the possible financial bias of Dr. Brock and the reliability of his medical opinion is relevant and discoverable for the same reasons stated in *Haines*, 2010 U.S. Dist. LEXIS 104625 at *8, where the court determined that the opinion of the file reviewing physician was "relevant not only to Defendant's denial of Plaintiff's claim but also the merits of that claim," and allowed the plaintiff to depose the physician.

Defendant further argues that a protective order is warranted in this case because the discovery issued by Plaintiff is unduly burdensome. That argument is utterly meritless. Besides the rejection of such an argument in *Haines*, the discovery Plaintiff seeks is routinely a part of any insurance dispute. The Supreme Court has also essentially disposed of Defendant's argument in rejecting an argument that increased litigation costs should defeat the application of the *de novo* standard. *See Firestone*, 489 U.S. at 115, 109 S. Ct. at 956 ("the threat of increased litigation is not sufficient to outweigh the reasons for a de novo standard"). Moreover, the Federal Rules of Civil Procedure anticipate that some expense and burden is necessarily associated with all discovery, and the expense and burden associated with the limited discovery Plaintiff seeks would in fact be quite minimal, and could be minimized even further if a video deposition could be arranged. Therefore, in sum, the discovery Plaintiff seeks is not only relevant, but is also in no way unduly burdensome as Defendant contends.

**CONCLUSION**

For the reasons stated herein and in Plaintiff's opening brief, the Court should enter an order ruling that the standard of adjudication in this case is *de novo* and permitting Plaintiff to conduct discovery, subject only to the limitations set forth in the Federal Rules of Civil Procedure 26(b).

/s/ Mark D. DeBofsky

_____
Mark D. DeBofsky
Attorney for Plaintiff
Cheryl Watson

Mark D. DeBofsky
DeBofsky & Associates, P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Phone (312) 235-4880
Fax (312) 929-0309
mdebofsky@debofsky.com

**CERTIFICATE OF SERVICE**

To:     Edna S. Kersting
        Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
        55 West Monroe Street, Suite 3800
        Chicago, Illinois 60603

Mark D. DeBofsky, the attorney, certifies that he served a copy of the foregoing Plaintiff's Supplemental Brief on the Standard of Adjudication and Scope of Discovery to Defendants upon the above-named counsel of record by CM/EFC transmission on December 2, 2014.

/s/ Mark D. DeBofsky

_____
Mark D. DeBofsky
Attorney for Plaintiff
Cheryl Watson

13