# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    CHERYL WATSON,              ) No. 14 C 4990
 4                              )
               Plaintiff,       )
 5                              )
         vs.                    ) Chicago, Illinois
 6                              )
    RELIANCE STANDARD LIFE      )
 7  INSURANCE COMPANY,          )
                                ) January 28, 2015
 8              Defendant.      ) 9:30 a.m.

 9
                       TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE SARA L. ELLIS

11
    APPEARANCES:
12
    For the Plaintiff:     MR. MARK D. DeBOFSKY
13                          (DeBofsky & Associates, P.C.,
                             200 West Madison Street, Suite 2670,
14                           Chicago, Illinois  60606)

15
    For the Defendant:    MS. EDNA S. KERSTING
16                          (WIlson, Elser, Moskowitz,
                             Edelman & Dicker, LLP,
17                           55 West Monroe Street, Suite 3800,
                             Chicago, Illinois  60603)
18

19

20

21

22

23                        PATRICK J. MULLEN
                          Official Court Reporter
24              219 South Dearborn Street, Room 1412,
                       Chicago, Illinois  60604
25                         (312) 435-5565
```

 1          THE CLERK:  2014 C 4990, Watson versus Reliance
 2   Standard Life Insurance Company.
 3          MR. DeBOFSKY:  Good morning, Your Honor.  Mark
 4   DeBofsky on behalf of the plaintiff.
 5          MS. KERSTING:  Good morning, Your Honor.  Sorry.
 6   Good morning, Your Honor.  Edna Kersting on behalf of the
 7   defendant, Reliance Standard.
 8          THE COURT:  Good morning.  All right.  So we are here
 9   for a status hearing and on defendant's motion to quash the
10   subpoena, for a protective order, and to limit discovery to the
11   administrative record.  There's also a defendant's notice of
12   citation to additional authority in support of its motion to
13   quash subpoena, for protective order, and to limit discovery to
14   the administrative record which we have taken notice of.
15          All right.  So the Court finds that the standard of
16   review in this case is de novo, that the policy was issued
17   November 1st, 2004, and that the anniversary date is November
18   1st, 2005, and every November 1st thereafter.  The Illinois
19   insurance regulations which apply to the policy define the
20   renewal date as each annual anniversary date unless otherwise
21   specifically defined by the contract.  Thus the policy is
22   deemed to have been renewed every year incorporating section
23   2001.3.
24          The Illinois Department of Insurance issued a
25   bulletin on June 28th, 2010, addressing section 2001.3, and it

1  states that policies offering accident, health, and disability
2  benefits are typically renewed annually.  The bulletin
3  concludes by stating that section 2001.3 is accordingly
4  applicable to all currently issued and outstanding accident,
5  health, and disability insurance policies in that all such
6  policies will either have been issued or renewed since the
7  effective date of the regulation.
8         So the standard of review then regarding the denial
9  of benefits will be de novo.  The Court grants the motion to
10 quash.  With regard to discovery on the basis of Dr. Brock's
11 opinion, Watson does not fully articulate a reason for wanting
12 discovery of Dr. Brock to probe his underlying conclusions and
13 instead focuses on conflict and biased discovery.  Moreover,
14 Watson does not articulate how a deposition of Dr. Brock will
15 supplement the record toward the ultimate goal of determining
16 Watson's qualifications for benefits.
17         The Court has the administrative record which is
18 approximately 600 pages, and although the record reveals that
19 Watson did not have the benefit of Dr. Brock's opinion in
20 preparing her appeal, as it was only completed on May 30th,
21 2014, after her appeal was submitted and only several days
22 before her appeal was decided on June 4th, 2014, Watson's
23 counsel also declined Reliance's offer that she be given
24 additional time to provide new reports or additional
25 information in response to Dr. Brock's report before Reliance

4

```
 1   issued its decision on the appeal.
 2           The Court also declines to allow discovery as to
 3   Dr. Brock's bias.  The fact that Dr. Brock was compensated by
 4   the plan is not in and of itself proof of bias, and Watson does
 5   not give any indication that Dr. Brock was biased in this
 6   particular case.
 7           With regard to the protective order, the Court denies
 8   the request for a protective order.  There may be other
 9   permissible discovery that Watson is seeking, so Reliance's
10   request for such a broad protective order is not appropriate at
11   this time.
12           So I think that covers those outstanding issues.
13           MS. KERSTING:  It does, Your Honor.
14           THE COURT:  So where are we at this point?
15           MR. DeBOFSKY:  I don't believe that there are any
16   other discovery issues that the plaintiff wishes to pursue.
17           THE COURT:  Okay.
18           MR. DeBOFSKY:  So I think we're at the point of
19   putting together dispositive motions --
20           THE COURT:  Okay.
21           MR. DeBOFSKY:  -- or going to trial, depending on how
22   the parties decide whether they would prefer a live trial or a
23   trial on the papers.
24           THE COURT:  Okay.  Have you had a chance to discuss
25   that at all with each other?
```

5

1       MR. DeBOFSKY:  We haven't because we were pending
2  this motion, Your Honor.
3       THE COURT:  Okay.  How long do you think it would
4  take if you wanted to do it on the papers?  How long do you
5  think it would take you to pull everything together?
6       MR. DeBOFSKY:  I would say by the middle of April.
7       THE COURT:  Okay.  Why don't you come back in two
8  weeks and let me know what you'd like to do.  Okay?
9       MR. DeBOFSKY:  That's fine.
10      MS. KERSTING:  Sounds good.  That gives us some time
11 to discuss it with the clients.
12      THE COURT:  Ms. Johnson?
13      THE CLERK:  February the 11th at 9:30.
14      MR. DeBOFSKY:  That's fine.
15      MS. KERSTING:  Yeah, that's fine with me, too.
16      THE COURT:  All right.  We'll see you then.
17      MR. DeBOFSKY:  Very good.  Thank you.
18      MS. KERSTING:  Thank you, Your Honor.
19   (Proceedings concluded.)
20             C E R T I F I C A T E
21      I, Patrick J. Mullen, do hereby certify that the
   foregoing is a complete, true, and accurate transcript of the
22 proceedings had in the above-entitled case before the Honorable
   SARA L. ELLIS, one of the judges of said court in Chicago,
23 Illinois, on January 28, 2015.
24                              /s/ Patrick J. Mullen
                              _____
25                              Official Court Reporter
                              United States District Court